UNITED STATES DISTRICT COURT
      FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JOSEPH P. MCCAULEY,              :     CIVIL NO. **1:06-CV-0682**
                                 :
         Petitioner              :     (Judge Conner)
    v.                           :
                                 :     (Magistrate Judge Smyser)
TROY WILLIAMSON,                 :
                                 :
         Respondent              :


**REPORT AND RECOMMENDATION**


   The petitioner, a federal prisoner proceeding *pro se,* commenced this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.


   The petitioner is challenging the results of a prison disciplinary proceeding.  The petitioner complains about the standard of proof used by the Disciplinary Hearing Officer (DHO).  The petitioner alleges that the DHO found by the greater weight of the evidence that he committed the offense of Conduct which Disrupts.  Although in the petition the petitioner does not specify the precise nature of the conduct at issue, he does allege that he was found to have committed

"Conduct which Disrupts, most like engaging in a sexual act." The petitioner alleges that a semen spot was not subjected to DNA testing to either prove or disprove beyond a reasonable doubt that the semen came from him.  He alleges that the DHO's finding was not based on a valid or convincing standard of proof.

On April 26, 2006, the respondent filed a response to the petition.  The respondent asserted that the petitioner indicated that his petition concerns prison discipline by checking a box but that he failed to provide any further information about the disciplinary proceeding in the petition. The respondent argued that because the petition is devoid of any specific information concerning the petitioner's claim it is impossible to respond to the petition.

After reviewing the respondent's response, we reviewed the file and the docket in this case.  The file contained the original habeas petition submitted by the petitioner. Comparing the original petition to the petition as docketed in the Court's Case Management/Electronic Case Filing (CM/ECF) system, it was apparent that the Clerk of Court failed to scan

the entire petition into CM/ECF.  Pages 4 and 5 of the original petition were not scanned into CM/ECF.  Importantly, page 4 of the original petition is the page where the petitioner sets forth the basis for his claim.

By an Order dated May 26, 2006, we directed the Clerk of Court to correct the docket in this case by scanning a complete copy of the original petition into CM/ECF.  The Order of May 26, 2006 also provided that the respondent shall show cause on or before June 19, 2006 why the petitioner should not be granted habeas relief and that the petitioner may file a reply to the respondent's response to the show cause order within ten days after the respondent's response is filed.

On June 16, 2006, the respondent filed a response to the corrected petition for a writ of habeas corpus.  The petitioner has not filed a reply.

The DHO found the petitioner guilty of the offense of Conduct which Disrupts, most like Engaging in a Sexual Act. *Doc. 10, Exhibit C.*  The DHO set forth the evidence he relied upon in making his decision as follows:

The DHO finds McCauley guilty of the offense of Conduct which Disrupts, most like Engaging in a Sexual Act. In making my decision I relied upon the eyewitness account of the reporting officer which indicates on 10-9-05, the reporting officer was observing inmates in the visiting room when he observed McCauley move his hands from the top of the table and placed his hands under the table at 1:10 p.m.  It appeared to the reporting officer that the inmate was masturbating in front of his visitor.

The DHO also relied upon a photograph of the possible semen located under the table, on the partition separating the inmate and visitor's legs.  This photograph was taken by Officer Vayda at 2:15 p.m.  Mr. Vayda also provided a memorandum outlining his review of the video surveillance tapes.  Mr. Vayda indicated that the review revealed at 1:08 p.m., McCauley initially placed both his hands under the table until 1:22 p.m., at which time he stared at his female visitor and maintained a look as if in deep concentration.  His arms and shoulders could be seen moving at a slow steady pace. During this same period, the female visitor leaned on the table, looking at the inmate, and her left hand was placed against the side of her head, shielding her face from the camera. On several occasions the female tilted her hand to the side and looked nervously around the room.  At 1:21 p.m., McCauley's arms moved more vigorously, then when he stopped, he used his left hand to adjust his crotch area.  When his hands became visible again, McCauley stopped concentrating on the female, and began laughing and talking to the female for the first time in 14 minutes.  At 1:23 p.m, McCauley placed his right hand back under the table.  When he removed his hand, he rubbed one of his fingers around the female's mouth, at which time the female seemed surprised and embarrassed.  She then rubbed her own finger around the same area

4

of her mouth, moved her finger under her nose, and then appeared to taste her own finger.

Additionally, the DHO relied upon a photograph from the video surveillance cameras taken by Officer Vayda, which shows McCauley with both hands under the table in the visiting room.

The inmate testified the report is false, and utilized as his defense that if he knew it was illegal to have his hands off the table, he would have left them on the table. McCauley stated that he might have had his hands under the table, but he had not been masturbating. McCauley said the picture of the semen under the table had not been taken until two hours later, so he does not understand how they can prove it came from him.

The reporting officer indicated McCauley placed his hands under the table and appeared to be masturbating. However, the officer was not sure McCauley had been masturbating. Based on the reporting officer eyewitness account, I find McCauley engaged in disruptive conduct which appeared to be the act of Engaging in a Sex Act in the visiting room. I also relied upon Officer Vayda's account of the incident from his review of the video surveillance tapes and the photograph he took of the semen located under the table following the incident. McCauley argued that the photograph had been taken two hours after the incident; however, the records indicate the photograph was taken less than an hour after the incident occurred. I find no evidence, nor has the inmate presented any credible evidence to suggest that he had not engaged in the disruptive behavior as indicated in the case.

The greater weight of evidence supports the finding that McCauley committed the offense of

5

>     Conduct which Disrupts, most like Engaging in a
>     Sexual Act.

*Id.* The DHO sanctioned the petitioner with disallowance of 27 days of Good Conduct Time, loss of visiting privilege for one year, and fifteen days of disciplinary segregation (suspended pending 180 days of clear conduct). *Id.*

The petitioner complains that he was found guilty under a mere preponderance standard and that the semen spot was not subjected to DNA testing to prove or disprove beyond a reasonable doubt that it came from him.

In *Superintendent v. Hill*, 472 U.S. 445, 454 (1985), the Supreme Court held that the revocation of good time credits does not comport with the minimum requirements of due process unless the findings of the disciplinary body are supported by some evidence in the record. "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457. Rather, in the prison disciplinary context due process "requires only that there be some evidence to support the findings made in the disciplinary hearing." *Id.* Ascertaining

whether the "some evidence" standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* 455.  "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56.

> 28 C.F.R. § 541.17(f) provides in part:
>
> The DHO shall consider all evidence presented at the hearing.  The decision of the DHO shall be based on at least some facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence.

Contrary to the petitioner's suggestion, it was not required that the DHO or investigating officer have the semen DNA tested to prove beyond a reasonable doubt that it was or was not his semen.  The reasonable doubt standard is not applicable in prison disciplinary hearings.  Having reviewed the DHO report we are satisfied that the DHO applied the greater weight of the evidence standard set forth in 28 C.F.R. § 541.17(f) and that there is some evidence to support the DHO's conclusion that the petitioner was guilty of the charged offense.  Accordingly, the petitioner's claim is without merit.

7

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be denied and that the case file be closed.


                                                   ***/s/ J. Andrew Smyser***
                                                   J. Andrew Smyser
                                                   Magistrate Judge

Dated: August 18, 2006.